# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Eastern District of California

| Daniel Bruno | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-cv-00327-WBS-EFB |
| Equifax Information Services, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  RMB World Enterprises, LLC c/o David Bailey
     706 Rio Grande Street. Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See, Exhibit A and B

| Place: Messer Strickler, Ltd.<br>225 W. Washington St., Suite 575<br>Chicago, IL 60606 | Date and Time:<br>04/20/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/12/2018

**EXHIBIT A**

*CLERK OF COURT*

OR

_____           s/ Joseph S. Messer
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Daniel Bruno
, who issues or requests this subpoena, are:

Joseph Messer, 225 W. Washington St., Suite 575 Chicago, IL 60606, jmesser@messerstrickler.com, 312-334-3440

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-00327-WBS-EFB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"
# DOCUMENTS TO BE PRODUCED

## I. DEFINITIONS

The following words or phrases shall have the following meanings:

1. "Documents" shall have the broadest possible meaning, including but not limited to, letters, correspondence, memoranda, notes, notices, reports, statements, summaries, opinions, valuations, work papers, transcripts, recordings (audio or video), electronic records, screen shots, raw data, specifications, manuals, guidelines, standards, agreements, ledgers, payment schedules, computer tapes, charge-off reports, late notices, lists, microfilm, microfiche, diskettes, applications, financial statements, denials of credit, credit reports, credit scores or any other electronic, photographic or mechanical recordings.

2. "You" or "Your" means RMB World Enterprises, LLC.

3. "Equifax" means Equifax Information Services, LLC.

5. "Geneva" shall refer to the entity Geneva Motors, Inc. d/b/a Geneva Financial Services, located at 10440 Central Ave., Montclair, CA.

6. "Granite Bay" shall refer to the entity Granite Bay Acceptance Group ("Granite Bay"), and any of its predecessors, affiliates, and/or subsidiaries, located at located at 1781 Vineyard Drive, Suite 222, Antioch, CA 94509-8552.

7. "Action" shall refer to the lawsuit entitled *Bruno v. Equifax Information Services LLC*, Civil Action No. 2:17-cv-00327-WBS-EFB.

8. "Communications" shall mean any verbal, written, electronic or other transmittal of information, words, thoughts, images, opinions between or among persons or groups of

persons, whether in person orally, by Documents, writing, email letter, telephone, copying, recording or by any other means.

9. "Consumer" means "consumer" as defined in Section 603(c) of the Fair Credit Reporting Act (15 U.S.C. 1681a(c)).

10. "Consumer Report" means "Consumer Report as defined in Section 603(d) of the Fair Credit Reporting Act (15 U.S.C. 1681a(d)).

11. "Firm Offer" means "firm offer of credit or insurance" as defined in Section 603(l) of the Fair Credit Reporting Act (15 U.S.C. 1681a(l)).

12. "Prescreened List" means any list of Consumers eligible to receive Firm Offers of Credit or Insurance as herein defined.

13. Relevant dates shall mean the period from January 1, 2016 through and including the present.

## II. DOCUMENTS TO BE PRODUCED

You are directed to produce in the manner at the time and location described in the subpoena, to which this Exhibit "A" is attached, the following Documents or categories of Documents.

1. The Master Agency Agreement for Data Processing Services ("Master Agreement") and all other contracts and agreements between You and Equifax relating to Your provision of Prescreened Lists to Geneva or to any other entities at the request of or on behalf of Geneva.

2. Each Project Addendum or other contract or agreement between You and Equifax entered into pursuant to the Master Agreement or otherwise under which You provided Prescreened Lists to Geneva or to other entities at the request of or on behalf of Geneva.

3. All contracts and agreements between You and Geneva.

4. All Documents and internal Communications between Your employees, agents and/or representatives regarding any vetting or due diligence You conducted or that You obtained in connection with Your furnishing of Prescreened Lists to Geneva or to other entities at the request of or on behalf of Geneva, including but not limited to the determination of whether Geneva (a) had a permissible purpose to receive Consumer Reports pursuant to Section 604 of the Fair Credit Reporting Act (15 U.S.C. 1681b); (b) was financially capable of honoring the Firm Offers it intended to make; (c) had to the requisite licenses to lend in the states in which it intended to make Firm Offers; and/or (d) was registered to do business in the states in which it intended make Firm Offers.

5. All Documents and internal Communications between Your employees, agents and/or representatives regarding any inquiries or investigations made after You began furnishing Prescreened Lists to Geneva or to other entities at the request of or on behalf of Geneva, regarding whether Geneva (a) had a permissible purpose to receive Consumer Reports pursuant to Section 604 of the Fair Credit Reporting Act (15 U.S.C. 1681b); (b) was financially capable of honoring the Firm Offers it was making; (c) had to the requisite licenses to lend in the states in which it was making Firm Offers; and/or (d) was registered to do business in the states in which it was making Firm Offers.

6. All external Communications between You and any other person or entity, including but not limited to representatives of Equifax and Geneva, regarding any vetting, due diligence, inquiries or investigations You conducted or obtained in connection with the provision of Prescreened Lists to Geneva or to other entities at the request of or on behalf of Geneva, before or after You began furnishing Prescreened Lists to Geneva.

7. All internal Communications between Your employees, agents and/or representatives regarding Your decisions to (a) provide Prescreened Lists to Geneva or to other entities at the request of or on behalf of Geneva; and (b) terminate the Provision of Prescreened Lists to Geneva and to other entities at the request of or on behalf of Geneva.

8. All external Communications between You and any other person and/or entity regarding Your provision of Prescreened Lists to Geneva or other entities at the request of or on behalf of Geneva, and/or Your subsequent termination of the Provision of Prescreened Lists to Geneva and to other entities at the request of or on behalf of Geneva, including but not limited to Communications with Equifax, Martha Dunn, Dann Adams, Oliver Markham Healy, Doria Langenkamp, Debbie Neal, Lynda Thompson, Robert Brody, Don Binns, Robert McGinley, John McGinley, Mark Hassan, Kamies Elhouty, Daniel Ridley, and any representative of Granite Bay and/or Daniel Ridley.

9. All Communications regarding complaints You received regarding Your provision of Prescreened Lists to Geneva or other entities at the request of or on behalf of Geneva, including but not limited to Communications to and from Equifax, Daniel Ridley, and any representative of Granite Bay and/or Daniel Ridley, and any Documents or internal Communications between Your employees, agents and/or representatives regarding any such complaints.

10. All Communications between You and Equifax regarding the termination of any Project Addendum between You and Equifax regarding Geneva.

11. All Communications between You and any representative of Geneva or Equifax regarding the termination of any contracts or agreements between You and Geneva.

12. All Communications and Documents regarding entities to which you sent Prescreened Lists at the request of or on behalf of Geneva.

13. All Prescreened Lists You provided to Geneva or to any other entities at the request of or on behalf of Geneva.

14. All reports You provided to Equifax identifying the Consumers who received Firm Offers from Geneva.

15. All billing records pertaining to Prescreened Lists You provided to Geneva or to any other entities at the request of or on behalf of Geneva.